# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD HENSLEY, JR. (#112218)**　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　　**18-877-SDD-SDJ**

**BRENT THOMPSON, ET AL.**

## ORDER

Before the Court are two motions to compel filed by the *pro se* Plaintiff, Donald Hensley, Jr.[1] In the plaintiff's first motion to compel, he requests that Shannon Demars[2] and Antonio Whitaker respond to his discovery requests.[3] Since this Motion was filed on January 31, 2020, Demars and Whitaker have responded to the plaintiff's discovery requests.[4] In fact, responses to most of the discovery were filed into the record the same day as the plaintiff's motion.[5] Accordingly, because the complained-of defendants have responded to the plaintiff's discovery, the plaintiff's first motion to compel[6] shall be denied as moot.

In the second motion to compel, the plaintiff takes specific issue with responses to request for production filed on behalf of Jeremy McKey.[7] Hensley complains that McKey responded that he did not have any documents responsive to request for production number two. The Court cannot order a defendant to produce what they do not possess. Further, this Court cannot presume McKey

---

[1] R. Docs. 60 & 75.
[2] Demars was incorrectly, originally named as Shannon Demus. The Court refers to this Defendant as Demars.
[3] R. Doc. 60, p. 1. After Defendants filed responses to interrogatories and requests for admissions, Hensley filed a supplement to his first motion to compel (*see* R. Doc. 72) complaining that the defendants had not responded to his requests for production of documents. One day later, the defendants filed responses to requests for production of documents rendering Hensley's arguments in his supplement to the motion to compel moot. R. Docs. 73 & 74.
[4] *See* R. Docs. 64, 65, 68, 69, & 74. Note, the record does not indicate that the plaintiff propounded requests for production of documents to Shannon Demars. All discovery propounded by the plaintiff appears to have been answered.
[5] *See id.*
[6] R. Doc. 60.
[7] R. Doc. 75.

is providing false information; rather, the Court presumes the information provided is true and correct to the best of his knowledge.

The plaintiff also complains that McKey failed to produce documents in response to request for production three, which requested a copy of the health care request form for another inmate, Chadwick Wright. McKey objected to this request because it sought potentially sensitive information of another offender. This objection is well-founded,[8] and the evidence sought to be elicited from this document, specifically that Chadwick Wright was sprayed with chemical agent on the day in question immediately prior to Plaintiff, may be elicited by other means that do not so deeply implicate the privacy concerns of a non-party. Accordingly,

**IT IS ORDERED** that the first Motion to Compel[9] filed by the plaintiff Donald Hensley, Jr. is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the second Motion to Compel[10] filed by the plaintiff Donald Hensley, Jr. is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 10, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] *See Rhines v. United States*, 2014 WL 3829002, *4 (M.D. Pa. Aug. 4, 2014) (denying the plaintiff's motion to compel the production of medical information of other inmates); *Fontano v. Godinez*, 2013 WL 3712406, *3 (C.D. Ill. July 12, 2013) (denying the plaintiff's motion to compel the medical records of another inmate).
[9] R. Doc. 60.
[10] R. Doc. 75.